**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04003-NYW

ABDURASHID SABIROV,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondent has responded to the Petition, [Doc. 6], and Petitioner has replied, [Doc. 9]. For the reasons set forth in this Order, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Abdurashid Sabirov ("Petitioner" or "Mr. Sabirov") is a citizen of Tajikistan who has been present in the United States since at least 2023. [Doc. 1 at ¶ 1]. In October 2023, he presented at a port of entry for a scheduled appointment and was placed in removal proceedings. [*Id.* at ¶¶ 1, 3]. An immigration officer determined that Petitioner had a credible fear of torture if he were to return to Tajikistan, and USCIS later authorized Petitioner to work in the United States. [*Id.* at ¶¶ 15–16]. Though unclear, it appears that Petitioner was in ICE custody at some point because Petitioner alleges that a form dated March 13, 2024 "confirms that ICE released him from custody." [*Id.* at ¶ 3]; *see also* [Doc. 1-1 at 2–3]. Mr. Sabirov states that "ICE has now re-detained him at the Denver

Contract Detention Facility," [Doc. 1-1 at 3]; *see also* [Doc. 1 at ¶ 4 ("ICE has now returned Mr. Sabirov to physical custody at the Denver Contract Detention Facility.")]. It is not clear when Petitioner was detained.

Mr. Sabirov asserts two claims. The first asserts that "the present record supports detention under 8 U.S.C. § 1226(a), not § 1225(b)(2)." [Doc. 1 at 5 (emphasis omitted)]. The second asserts that "if § 1226(a) governs, Petitioner is entitled to a prompt individualized bond hearing. [*Id.* at 6 (emphasis omitted)]. Petitioner argues that the Court should "order Respondent to provide an individualized bond hearing within seven days, with the Government bearing the burden by clear and convincing evidence, or release Petitioner if the hearing is not timely held." [*Id.* at 7].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Mr. Sabirov argues that he is detained pursuant to 8 U.S.C. § 1226(a). *See, e.g.*, [Doc. 1 at ¶¶ 20–22, 25; Doc. 1-1 at 6]. But he also asserts that the Court should "order production of the underlying release-authority record" to determine the statute governing his detention. [Doc. 1-1 at 2]; *see also* [Doc. 9 at 2 ("The current statutory authority remains unverified because the operative release authority and duration have not been produced.")]. Respondent does not take a clear position on the governing authority in his Response, but he asserts that if the Court grants the Petition, "the appropriate relief would be . . . a bond hearing under 8 U.S.C. § 1226(a)." [Doc. 6 at 1–2]. The Court treats this statement as a concession that Petitioner is detained under § 1226(a). *See Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *1 (D. Colo. Sept. 9, 2026) ("By not substantively responding to the Petition and arguing that 'appropriate relief' would be a bond hearing under 8 U.S.C. § 1226(a), . . . Respondents effectively concede that Petitioner is currently detained under § 1226(a).); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Section 1226(a) "sets forth 'the default rule' for detaining noncitizens 'already present in the United States,'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583

U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2). Recently, the Tenth Circuit held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). By all accounts, Petitioner was most recently detained while he was in the interior of the United States, *see* [Doc. 1 at ¶¶ 3–4, 22], so his detention is governed by § 1226(a), *Santillan Quiroz*, 180 F.4th at 1237.

Notably, Mr. Sabirov does not explicitly assert that he has been deprived of a bond hearing under § 1226(a). *See* [Doc. 1; Doc. 1-1]. But because he repeatedly states that the appropriate relief would be a bond hearing, *see, e.g.*, [Doc. 1 at 6–7; Doc. 1-1 at 6], and because Respondent does not argue that Mr. Sabirov has already received the bond hearing to which he is entitled, *see* [Doc. 6], the Court construes the Petition to argue that Mr. Sabirov has not been given a bond hearing. Pursuant to *Santillan Quiroz*, Petitioner's detention without a bond hearing violates the INA. *See Santillan Quiroz*, 180 F.4th at 1237; *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).

The Petition is therefore **GRANTED**. Respondent is **ORDERED** to provide Petitioner a bond hearing no later than **September 24, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.[1] If Respondent does not provide Petitioner with a bond hearing

[1] Petitioner argues that the appropriate relief is a bond hearing at which the Government "bear[s] the burden by clear and convincing evidence." [Doc. 1 at 7]. Respondent does not address Petitioner's request. [Doc. 6]. Following the weight of authority in this District,

under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

In addition, on or before **October 1, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Respondent shall provide Petitioner a bond hearing no later than **September 24, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner

---

the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *cf. Contreras Posada*, 2026 WL 2654041, at *2–3 (this Court recently concluding, after applying the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that procedural due process requires placing the burden on the Government at the petitioner's § 1226(a) hearing); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (collecting cases).

must be immediately released from detention; and

(3) On or before **October 1, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: September 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge